# Exhibit A

# General Civil Case Filing Information Form (Non-Domestic)

FILED IN OFFICE
SEP 28 2010
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**Court**
☑ **Superior**
☐ **State**

**County** Fulton

**Docket #** 2010CV191482

**Date Filed** 09/28/2010
MM-DD-YYYY

**Plaintiff(s)**
Sams Fayelynn
Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

**Defendant(s)**
Yahoo! Inc.
Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

**No. of Plaintiffs** 1

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney** ☐ **Pro Se**

Millican Joshua
Last First Middle I. Suffix

**Bar #** 508998

**Check Primary Type (Check only ONE)**

- ☐ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☐ Tort (If tort, fill in right column)
- ☑ Other General Civil Specify Class Action

**If Tort is Case Type:**
(Check no more than **TWO**)

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify

**Are Punitive Damages Pleaded?** ☑ **Yes** ☐ **No**

CT Corporation

**Service of Process Transmittal**
09/29/2010
CT Log Number 517365163

**TO:** Cecilia Yoshida, Legal Ops Manager
Yahoo! Inc.
701 First Avenue
Sunnyvale, CA 94089

**RE:** **Process Served in Georgia**

**FOR:** Yahoo! Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Fayelynn Sams, individually, and on behalf of a class of all others similarly situated, Pltfs. vs. Yahoo! Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit |
| **COURT/AGENCY:** | Fulton County Superior Court, GA<br>Case # 2010CV191482 |
| **NATURE OF ACTION:** | Class Action - Breach of Contract - Breach of Implied duty of good faith and for dealing. Violations of the Stored Communications Act and the federal Wiretap Act. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/29/2010 at 15:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Joshua A. Millican<br>Law Offices of Joshua A. Millican, P.C.<br>44 Broad Street NW<br>Suite 607<br>Atlanta, GA 30303<br>404-522-1152 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/30/2010, Expected Purge Date: 10/05/2010<br>Image SOP<br>Email Notification, Cecilia Yoshida cyoshida@yahoo-inc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Terence Hardley |
| **ADDRESS:** | 1201 Peachtree Street,N.E.<br>Atlanta, GA 30361 |
| **TELEPHONE:** | 404-965-3840 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

FAYELYNN SAMS, Individually, and on behalf of a class of all others similarly situated,

Plaintiffs,

vs.

YAHOO! INC.,

Defendant,

Civil Action File No.: 2010CV191482

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Joshua A. Millican
Law Office of Joshua A. Millican, P.C.
44 Broad Street NW, Suite 607
Atlanta, Georgia 30303

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 28 day of September, 2010

Clerk of Superior Court

By [signature]
Deputy Clerk

FILED IN OFFICE
SEP 28 2010
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FAYELYNN SAMS, Individually, and on behalf of a class of all others similarly situated,

Plaintiffs,

vs.

YAHOO! INC.,

Defendant,

Civil Action File No.: 2010CV191482

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT – CLASS ACTION

Plaintiff Fayelynn Sams ("Plaintiff"), on behalf of herself individually and a class of all others similarly situated, brings this action against Yahoo! Inc. ("Yahoo!" or "Defendant") for violations of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA") and the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*

## PRELIMINARY STATEMENT

1. This is a class action lawsuit, brought by, and on behalf of, a nationwide class of individuals whose privacy rights were violated by Yahoo!'s willful violations of the SCA and Wiretap Act and their prohibitions against voluntary disclosure of personal and private data and information of users of Yahoo! products and services (hereinafter "Yahoo! User").

2. Yahoo! disclosed personal and private data regarding Yahoo! Users to law enforcement and other government entities without the users' knowledge or authorization and without proper compliance with the compelled disclosure provisions of the SCA and Wiretap

Act. The impermissibly disclosed personal and private data included some or all of the following: name, address, phone number, birth date, gender, social security number, date account created, account status, Yahoo! email address, alternate email address, the content of email communications, registration from Internet Protocol (IP), date IP registered, login IP addresses and other IP address information.

3. Yahoo!'s unlawful disclosure of personal and private user data violates Yahoo! Users' rights under the SCA, the federal Wiretap Act and constitutes a breach of contract.

4. Plaintiff seeks monetary damages, including statutory damages, punitive damages, equitable relief, attorneys' fees and expenses of litigation on behalf of herself and members of the class.

**PARTIES, JURISDICTION AND VENUE**

5. Plaintiff Fayelynn Sams is a resident of the State of Georgia and a Yahoo! Internet User. On or about December 2, 2008, Plaintiff had her personal and private user information and data disclosed by Yahoo! to law enforcement and other government entities without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act.

6. Defendant Yahoo! Inc. is a Delaware corporation that does business and operates in the State of Georgia. Yahoo! Inc. may be properly served through its registered agent of service, CT Corporation System at 1201 Peachtree Street NE in Atlanta, Georgia 30361.

7. Defendant Yahoo! Inc. is subject to the jurisdiction of this Court and venue is proper.

8. This Court has subject matter jurisdiction over this action and venue is proper.

## STATEMENT OF FACTS

9. Yahoo! Inc. is a global Internet business and consumer services company that offers a comprehensive branded network of properties and services, many of which are free, to more than 500 million unique users worldwide. Currently, Yahoo! has about 230 million registered users and attracts hundreds of millions of users every month through its innovative technology and engaging content and services, making it one of the most visited Internet destinations and a world-class online media company.

10. The SCA is sometimes referred to as the Electronic Communications Privacy Act. The SCA was included as Title II of the Electronic Communications Privacy Act of 1986 ("ECPA"), but the ECPA itself also included amendments to the Wiretap Act.

11. These federal laws sets forth a system of statutory privacy rights for customers and users of internet business and consumer services providers, such as Yahoo!.

12. The Yahoo! Privacy Policy attached hereto as Exhibit A and incorporated herein by reference, sets forth the rights of Yahoo!'s Users concerning the collection, protection, use and disclosure of Yahoo! Users' personal and private information and data as required by law and by Yahoo!'s applicable privacy policies.

13. Yahoo! claims to protect user privacy as required by law and applicable privacy policies but indicates that it may be required to share personal and private information to respond to subpoenas, court orders, or legal process or as otherwise required by law.

14. Although Yahoo! claims to conform with the strict requirements of the applicable

federal statutes when releasing personal and private user information and data, Yahoo! routinely and unlawfully accepts as valid legal process from law enforcement and other government entities facsimile transmissions of state grand jury or trial subpoenas, often with express instructions on the face of the state subpoena to not provide notice of the subpoena to the Yahoo! User.

15. State grand jury or trial subpoenas have no force and effect outside of the state of issuance, and when faxed or sent out of state, said subpoenas are invalid.

16. Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to a state grand jury or trial subpoena is improper, violative of federal privacy laws, and a breach of contract.

17. Although Yahoo! claims to conform with the strict requirements of the applicable federal statutes when releasing personal and private user information and data, Yahoo! routinely and unlawfully accepts as valid legal process from law enforcement and other government entities facsimile transmissions of search warrants signed by state magistrates and other state judges.

18. Search warrants signed by state magistrates and other state judges have no force and effect outside of the state of issuance, and when faxed or sent out of state, said search warrants are not deemed issued by a court of competent jurisdiction.

19. Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to a state search warrant is improper, violative of federal privacy laws, and a breach of contract.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of all persons in the United States, who are or were, Yahoo! Users and have had personal and private data or information regarding their Yahoo! accounts made available to law enforcement and other government entities, without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act and in violation of Yahoo!'s agreement with Yahoo! Users as set forth in the Yahoo! Privacy Policy, at any time from January 1, 2006, to the present (the "Class"). The "Class Period" is from January 1, 2006, to the present.

21. The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff believes the Class contains many thousands of members, and the actual number of Class members can be ascertained through discovery and Yahoo!'s computerized and other records.

22. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. The common questions and common issues include, but are not limited to: whether Yahoo! made available to law enforcement and other government entities personal and private data or information regarding the Class and their Yahoo! accounts; whether Yahoo! made available to law enforcement and other government entities personal and private data or information regarding the Class and their Yahoo! accounts without a valid legal process such as a subpoena, court order, or search warrant; whether Yahoo! made available to law enforcement and other government entities personal and private data or information regarding the Class and their

Yahoo! accounts without a valid search warrant; whether Yahoo! made available to law enforcement and other government entities personal and private data or information regarding the Class and their Yahoo! accounts without a valid subpoena; whether by committing these acts and omissions Yahoo! violated federal and state laws; what personal and private data or information was disclosed by Yahoo! to law enforcement and other government entities and how; and whether class members are entitled to injunctive, declarative and monetary relief as a result of Yahoo!'s conduct.

23. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other members of the Class each sustained damages arising out of Yahoo!'s wrongful conduct as complained of herein. Plaintiff is or was an Internet user of Yahoo! who had personal and private data and information regarding her Yahoo! account made available to law enforcement and other government entities without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act.

24. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and complex litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

25. Class action status in this action is warranted under O.C.G.A. § 9-11-23(b)(1)(B) because prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

26. Class action status is also warranted under the other subsections of O.C.G.A. § 9-11-23(b) because: (i) prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants; (ii) Yahoo! acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole; and (iii) Yahoo! has and continues to disclose personal and private data and information to law enforcement and other government entities without the users' knowledge or authorization and without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act. Accordingly, declaratory and injunctive relief that prevents Yahoo! from continuing to make said impermissible disclosures of personal and private data and information to law is appropriate on a class wide basis.

27. Questions of law or fact common to members of the Class predominate over any questions affecting only individual members of the Class.

28. A class action is a superior method of adjudicating the Class members' claims because individual actions would unnecessarily burden the Court and create the risk of inconsistent results.

29. Given the significant expense required to prosecute the foregoing claims against Yahoo!, the costs of individual actions would exceed or consume the amount recovered in any individual action. The expense of pursuing individual actions will require individual members of the Class to forego their individual claims against Yahoo! if they are not permitted to pursue those claims as a Class.

30. Plaintiff is not aware of any litigation concerning this controversy that has already been initiated by or against any members of this Class.

31. Plaintiff anticipates no extraordinary or unusual difficulty in the management of this litigation that would preclude its maintenance as a class action because the evidence proving the disclosure of personal and private data and information to law enforcement and other government entities without the Yahoo! Users' knowledge or authorization and without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act is ascertainable through discovery; the identities of the Class members are known to Yahoo!; and damages, including the applicable statutory damages, can be calculated to a reasonable certainty through expert testimony.

**COUNT ONE**

**(Stored Communications Act, 18 U.S.C. § 2701 *et seq.*)**

32. Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. The Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA") sets forth a system of statutory privacy rights for customers and users of electronic communications service providers and remote computing service providers such as Yahoo!.

34. 18 U.S.C § 2702 regulates voluntary disclosure by internet service providers of customer communications and records, including specific prohibitions.

35. In relevant part, 18 U.S.C § 2702(a)(1) provides: "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or

entity the contents of a communication while in electronic storage on that service."

36. In relevant part, 18 U.S.C § 2702(a)(2) provides: "a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service."

37. 18 U.S.C. § 2703 articulates the steps that federal and state law enforcement officers and other government entities must follow to compel providers to disclose the content of stored wire or electronic communications and other information such as account records and basic user and session information.

38. Pursuant to 18 U.S.C. § 2703, law enforcement and other government entities can compel disclosure after obtaining a valid grand jury or trial subpoena and with notice of the subpoena to the user.

39. State grand jury or trial subpoenas have no force and effect outside of the state of issuance, and cannot be used or served in another state to compel a provider in the foreign state to give testimony or produce records.

40. Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to a state grand jury or trial subpoena is improper and violative of the SCA.

41. Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to a state grand jury or trial subpoena without notice of the subpoena to the Yahoo! User is improper and violative of the SCA.

42. By disclosing user, account and Internet Protocol ("IP") address information in response to a state grand jury or trial subpoena that has no force and effect outside of the state of issuance, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization

divulged the contents of communications while those communications were maintained in electronic storage in violation of 18 U.S.C. §2702(a)(1).

43. Pursuant to 18 U.S.C. § 2703(c)(1)(A), a law enforcement officer can compel disclosure after obtaining a warrant issued by a court of competent jurisdiction.

44. Search warrants, however, signed by state magistrates and other state judges have no force and effect outside of the state of issuance, and therefore those search warrants are not issued by a court of competent jurisdiction.

45. Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to a state search warrant is improper and violative of the SCA.

46. By disclosing user, account and Internet Protocol ("IP") address information in response to a state search warrant that has no force and effect outside of the state of issuance, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications while those communications were maintained in electronic storage in violation of 18 U.S.C. §2702(a)(1).

47. Yahoo! provides remote computing services to the public as defined in 18 U.S.C. § 2711(2) because it provides computer storage or processing services by means of an electronic communications system.

48. Yahoo! carries and maintains its Yahoo! Users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address information on behalf of the Yahoo! Users.

49. Yahoo! carries and maintains some of its Yahoo! Users' personal and private information and data, contact lists, email communications, photos, files, website posts and other

IP address information solely for the purpose of providing storage and computer processing services to its users. Yahoo! is not authorized to access this information for purposes other than providing storage and computer processing.

50. By engaging in the foregoing acts and omissions, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications that are carried and maintained by Yahoo! on behalf of, and received by transmission from, Yahoo! Users in violation of 18 U.S.C. § 2702(a).

51. Yahoo!'s knowing, willful, unlawful, and intentional disclosure of the contents of communications that are carried and maintained by Yahoo! on behalf of, and received by transmission from, Yahoo! Users were not made pursuant to any exceptions to the prohibitions against disclosure as set forth in 18 U.S.C. § 2702(b).

52. Yahoo! also engaged in the foregoing acts and omissions without obtaining a warrant issued by a court of competent jurisdiction as required by 18 U.S.C. § 2703(c)(1)(A).

53. Yahoo! also engaged in the foregoing acts and omissions without obtaining a valid grand jury or trial subpoena as required by 18 U.S.C. § 2703(b).

54. Yahoo! also engaged in the foregoing acts and omissions without prior notice from the government entity to the user as required by 18 U.S.C. § 2703(b).

55. None of the foregoing acts and omissions taken by Yahoo! are were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2702(b).

56. None of the foregoing acts and omissions taken by Yahoo! are based on a good

faith reliance on anything as to constitute a complete defense to this civil action as provided in 18 U.S.C. § 2707(e).

57. Because of the foregoing violations, Plaintiff, on behalf of herself and the class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate pursuant to 18 U.S.C. § 2707(b)(1).

58. Plaintiff, on behalf of herself and the class, is entitled to a reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2707(b)(3).

59. Plaintiff on behalf of herself and the class is entitled to recover monetary damages including actual damages, and statutory damages in the amount of not less than $1,000.00 per class member as provided by 18 U.S.C. § 2707(c).

60. Because Yahoo!'s violations were willful and intentional, plaintiff on behalf of herself and the class is entitled to recover punitive damages as provided by 18 U.S.C. § 2707(c).

**COUNT TWO**

**(Wiretap Act, 18 U.S.C. § 2510 *et seq.*)**

61. Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 60 as if fully set forth herein.

62. Yahoo!'s Users' contact lists, email communications, photos, files, website posts and other IP address information are electronic communications within the meaning of 18 U.S.C. § 2510(12).

63. By disclosing users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address information to law enforcement and other government entities without a valid grand jury or trial subpoena, Yahoo!

knowingly, willfully, unlawfully, intentionally and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) & (c).

64. By disclosing Yahoo! Users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address law enforcement and other government entities without a valid grand jury or trial subpoena, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications of Yahoo!'s Users to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).

65. By disclosing users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address information to law enforcement and other government entities without a warrant issued by a court of competent jurisdiction, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) & (c).

66. By disclosing Yahoo! Users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address information to law enforcement and other government entities without a warrant issued by a court of competent jurisdiction, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications of Yahoo! Users to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).

67. Yahoo! is not a party to any of the above-mentioned communications, nor have any of the parties to the communications given prior consent to Yahoo!'s interception or

divulging of those communications as defined by 18 U.S.C. § 2511(2)(d).

68. Yahoo! engaged in the foregoing acts and omissions without first obtaining a valid grand jury or trial subpoena.

69. Yahoo! engaged in the foregoing acts and omissions without first obtaining a warrant issued by a court of competent jurisdiction.

70. None of the foregoing acts and omissions taken by Yahoo! were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2511(2).

71. None of the foregoing acts and omissions taken by Yahoo! were based on a good faith reliance on valid legal process or anything else as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

72. Because of the foregoing violations, Plaintiff, on behalf of herself and the class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate Pursuant to 18 U.S.C. § 2520(b)(1).

73. Because Yahoo!'s violations were willful and intentional, Plaintiff, on behalf of herself and the class, is entitled to recover punitive damages as provided by 18 U.S.C. § 2520(b)(2).

74. Plaintiff, on behalf of herself and the class, is entitled to reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2520(b)(3).

75. Plaintiff, on behalf of herself and the class, is entitled to recover monetary damages including actual damages, and statutory damages in the amount of not less than

$10,000.00 per class member as provided by 18 U.S.C. § 2520(c)(2).

**COUNT THREE**

**(Breach of Contract)**

76. Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 75 as if fully set forth herein.

77. Yahoo! has entered into an agreement with its Yahoo! Users regarding the disclosure of its users' personal and private information and data, which is set forth in the Yahoo! Privacy Policy (the "Agreement").

78. The Agreement sets forth the rights of Yahoo! Users concerning the collection, protection, use and disclosure of a Yahoo! User's personal and private information and data as required by law and by Yahoo!'s applicable privacy policies. Plaintiff and the Class were the intended beneficiaries of such agreement.

79. Yahoo! breached the Agreement by disclosing Yahoo! Users' personal and private information and data to law enforcement and other government entities without compliance with the terms of a valid legal process such as a subpoena, court order, or search warrant.

80. As a beneficiary of the Agreement with Yahoo!, Plaintiff, on behalf of herself and the Class, asserts this breach of contract claim against Yahoo!.

81. Yahoo! is liable to Plaintiff and members of the Class for the damages resulting from said unlawful disclosures in violation of the Agreement during the Class Period, plus prejudgment interest and any other relief ordered by the Court.

82. All conditions precedent to bringing this Count have been completed, performed

and/or waived.

## COUNT FOUR

**(Breach of Implied Duty of Good Faith and Fair Dealing)**

83. Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 82 as if fully set forth herein.

84. Every contract implies a covenant or duty of good faith and fair dealing in the performance of the agreement and its enforcement, including Yahoo!'s Agreement with its Yahoo! Users regarding the disclosure of Yahoo! Users' personal and private information and data, which is set forth in the Yahoo! Privacy Policy.

85. Under the duty of good faith and fair dealing, both parties to a contract impliedly promise to perform their promises and provide such cooperation as is required for the other party's performance.

86. Under the duty of good faith and fair dealing, both parties to a contract impliedly promise compliance with the spirit, and not merely the letter, of a contract.

87. Plaintiff and the Class reasonably relied on Yahoo! to comply with its duty of good faith and fair dealing with regard to the terms of the Agreement.

88. The Agreement is a form contract, the terms of which are deemed to have been accepted once Yahoo! provides any Internet service or other service to a user. The Agreement purports to notify Yahoo! Users of Yahoo!'s agreement with Yahoo! Users regarding the collection, protection, use and disclosure of its Yahoo! Users' personal and private information and data.

89. Yahoo! has a duty to exercise good faith in its protection of its Yahoo! Users' personal and private information and data by requiring valid legal process prior to disclosure of its users' personal and private information and data.

90. Yahoo! breached its implied duty of good faith and fair dealing by exercising bad faith in automatically and unlawfully accepting as valid legal process, facsimile transmissions of state grand jury or trial subpoenas, which have no force and effect outside of the state of issuance and are invalid.

91. Yahoo! breached its implied duty of good faith and fair dealing by exercising bad faith in automatically and unlawfully accepting as valid legal process, facsimile transmissions of search warrants signed by state magistrates and other state judges, which have no force and effect outside of the state of issuance.

92. Yahoo! is liable to Plaintiff and members of the Class for the damages resulting from said breach of implied duty of good faith and fair dealing during the Class Period, plus prejudgment interest and any other relief ordered by the Court.

93. All conditions precedent to bringing this Count have been completed, performed and/or waived.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment and grant the following relief to Plaintiff and the Class:

(a) That the Court certify this action as a class action under O.C.G.A. § 9-11-23 with respect to the Plaintiff's claims for damages and other relief, and declaring Plaintiff as

representative of the Class and her counsel as counsel for the Class;

(b) An award of monetary damages including actual damages, and statutory damages in the amount of not less than $1,000.00 per class member as provided by 18 U.S.C. § 2707(c);

(c) An award of monetary damages including actual damages, and statutory damages in the amount of not less than $10,000.00 per class member as provided by 18 U.S.C. § 2520(c)(2);

(d) Declaratory and injunctive relief as this court may deem appropriate. 18 U.S.C. § 2707(b)(1);

(e) An award of punitive damages in an amount to be determined by the enlightened conscience of an impartial jury;

(f) An award of monetary damages including actual damages for breach of contract.

(g) An award of reasonable attorneys' fees and costs of litigation;

(h) Pre-judgment interest and post-judgment interest as provided by law; and

(i) All such other and further relief allowed by law and as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

**[Signature on following page]**

Dated: September 27, 2010

Respectfully submitted,

LAW OFFICE OF JOSHUA A. MILLICAN, P.C.

Joshua A. Millican
Georgia Bar No. 508998
The Grant Building
Suite 607
44 Broad Street, N.W.
Atlanta, GA 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133

MORGESE LAW FIRM
Anthony J. Morgese
Georgia Bar No. 523430
3233 S. Cherokee Lane
Building 1000
Woodstock, GA 30188
Telephone: (770) 517-6711
Facsimile: (770) 517-6715

**Counsel for Plaintiff**

EXHIBIT A



# YAHOO! PRIVACY CENTER

Welcome to the Yahoo! Privacy Center—take a look around. You'll learn how Yahoo! treats your personal information, along with ways to control your preferences and settings. As always, Yahoo! is committed to gaining your trust.




WHAT THIS PRIVACY POLICY COVERS

INFORMATION COLLECTION AND USE

INFORMATION SHARING AND DISCLOSURE

COOKIES

CONFIDENTIALITY AND SECURITY

QUESTIONS AND SUGGESTIONS

Email Print

TRUSTe CERTIFIED PRIVACY

## WHAT THIS PRIVACY POLICY COVERS

**Yahoo! takes your privacy seriously. Please read the following to learn more about our privacy policy.**

The federal government and technology industry have developed practical tips to help you guard against Internet fraud, secure your computer and protect your personal information.

### How Yahoo! Uses Your Personal Information

This policy covers how Yahoo! treats personal information that Yahoo! collects and receives, including information related to your past use of Yahoo! products and services. Personal information is information about you that is personally identifiable like your name, address, email address, or phone number, and that is not otherwise publicly available.

### This privacy policy only applies to Yahoo!

This policy does not apply to the practices of companies that Yahoo! does not own or control, or to people that Yahoo! does not employ or manage. In addition, some companies that Yahoo! has acquired have their own, preexisting privacy policies which may be viewed on our acquired companies page.

### Yahoo!'s participation in the Safe Harbor program

Yahoo! participates in the Safe Harbor program developed by the U.S. Department of Commerce and the European Union. To view our certification, visit the U.S. Department of Commerce's Safe Harbor Web site. For more information about Yahoo!'s participation in the Safe Harbor program, please visit our Safe Harbor details page.

Return to Top

## INFORMATION COLLECTION AND USE

### General

Yahoo! collects personal information when you register with Yahoo!, when you use Yahoo! products or services, when you visit Yahoo! pages or the pages of certain Yahoo! partners, and when you enter promotions or sweepstakes. Yahoo! may combine information about you that we have with information we obtain from business partners or other companies.

When you register we ask for information such as your name, email address, birth date, gender, ZIP code, occupation, industry, and personal interests. For some financial products and services we might also ask for your address, Social Security number, and information about your assets. When you register with Yahoo! and sign in to our services, you are not anonymous to us.

### Highlights

**Manage Interest-Based Ads**
To help make your experiences with Yahoo! more relevant, we employ interest-based ads. **Manage** your interest-based categories, or **opt-out** of all categories, from the Yahoo! Ad Interest Manager.

### RELEVANT ADVERTISING

By bringing content and advertising to you that is relevant and tailored to your interests, Yahoo! provides a more compelling online experience. Our customized "smart" services save you time and cut through the clutter. Learn More about relevant advertising.

### POLICY BLOG

Anne Toth on PBS' Inside E Street: What consumers should know about the digital industry

Managing The Internet Is Quite A Task

**Read more in the Y! Policy Blog!**

Yahoo! collects information about your transactions with us and with some of our business partners, including information about your use of financial products and services that we offer.

Yahoo! automatically receives and records information from your computer and browser, including your IP address, Yahoo! cookie information, software and hardware attributes, and the page you request.

Yahoo! uses information for the following general purposes: to customize the advertising and content you see, fulfill your requests for products and services, improve our services, contact you, conduct research, and provide anonymous reporting for internal and external clients.

### Children

When a child under age 13 attempts to register with Yahoo!, we ask the child to have a parent or guardian create a Yahoo! Family Account to obtain parental permission.

Yahoo! does not contact children under age 13 about special offers or for marketing purposes without a parent's permission.

Yahoo! does not ask a child under age 13 for more personal information, as a condition of participation, than is reasonably necessary to participate in a given activity or promotion.

Return to Top

## INFORMATION SHARING AND DISCLOSURE

Yahoo! does not rent, sell, or share personal information about you with other people or non-affiliated companies except to provide products or services you've requested, when we have your permission, or under the following circumstances:

- We provide the information to trusted partners who work on behalf of or with Yahoo! under confidentiality agreements. These companies may use your personal information to help Yahoo! communicate with you about offers from Yahoo! and our marketing partners. However, these companies do not have any independent right to share this information.
- We have a parent's permission to share the information if the user is a child under age 13. Parents have the option of allowing Yahoo! to collect and use their child's information without consenting to Yahoo! sharing of this information with people and companies who may use this information for their own purposes.
- We respond to subpoenas, court orders, or legal process, or to establish or exercise our legal rights or defend against legal claims.
- We believe it is necessary to share information in order to investigate, prevent, or take action regarding illegal activities, suspected fraud, situations involving potential threats to the physical safety of any person, violations of Yahoo!'s terms of use, or as otherwise required by law.
- We transfer information about you if Yahoo! is acquired by or merged with another company. In this event, Yahoo! will notify you before information about you is transferred and becomes subject to a different privacy policy.

Yahoo! displays targeted advertisements based on personal information. Advertisers (including ad serving companies) may assume that people who interact with, view, or click targeted ads meet the targeting criteria—for example, women ages 18-24 from a particular geographic area.

- Yahoo! does not provide any personal information to the advertiser when you interact with or view a targeted ad. However, by interacting with or viewing an ad you are consenting to the possibility that the advertiser will make the assumption that you meet the targeting criteria used to display the ad.
- Yahoo! advertisers include financial service providers (such as banks, insurance agents, stock brokers and mortgage lenders) and non-financial companies (such as stores, airlines, and software companies).

Yahoo! works with vendors, partners, advertisers, and other service providers in different industries and categories of business. For more information regarding providers of products or services that you've requested please read our detailed reference links.

Return to Top

## COOKIES

Yahoo! may set and access Yahoo! cookies on your computer.

Yahoo! lets other companies that show advertisements on some of our pages set and access their cookies on your computer. Other companies' use of their cookies is subject to their own privacy policies, not this one. Advertisers or other companies do not have access to Yahoo!'s cookies.

Yahoo! uses web beacons to access Yahoo! cookies inside and outside our network of web sites and in connection with Yahoo! products and services.

## Your Ability to Edit and Delete Your Account Information and Preferences

### General

You can edit your Yahoo! Account Information, including your marketing preferences, at any time.

New categories of marketing communications might be added to the Marketing Preferences page from time to time. Users who visit this page can opt out of receiving future marketing communications from these new categories or they can unsubscribe by following instructions contained in the messages they receive.

We reserve the right to send you certain communications relating to the Yahoo! service, such as service announcements, administrative messages and the Yahoo! Newsletter, that are considered part of your Yahoo! account, without offering you the opportunity to opt out of receiving them.

You can delete your Yahoo! account by visiting our Account Deletion page. Please click here to read about information that might possibly remain in our archived records after your account has been deleted.

### Children

Parents can review, edit, and delete information relating to their child's Yahoo! account using tools offered by Yahoo! Family Accounts.

If a parent chooses not to allow us to further collect or use a child's information, parents enrolled in Yahoo! Family Accounts can delete their child's account by signing into that child's account and then visiting our Account Deletion page. Please click here to read about information that might possibly remain in our archived records after your account has been deleted.

Return to Top

## CONFIDENTIALITY AND SECURITY

We limit access to personal information about you to employees who we believe reasonably need to come into contact with that information to provide products or services to you or in order to do their jobs.

We have physical, electronic, and procedural safeguards that comply with federal regulations to protect personal information about you.

To learn more about security, including the security steps we have taken and security steps you can take, please read Security at Yahoo!.

## CHANGES TO THIS PRIVACY POLICY

Yahoo! may update this policy. We will notify you about significant changes in the way we treat personal information by sending a notice to the primary email address specified in your Yahoo! account or by placing a prominent notice on our site.

Return to Top

## QUESTIONS AND SUGGESTIONS

Yahoo! is TRUSTe-certified. This certification applies to all English-language sites under the Yahoo.com domain. If you feel that your inquiry has not been satisfactorily addressed, you should contact TRUSTe, an independent privacy organization. TRUSTe serves as a liaison with Yahoo! to resolve your concern.

If you have questions or suggestions, please complete a feedback form or you can contact us at:

Yahoo! Inc.
Customer Care - Privacy Policy Issues
701 First Avenue
Sunnyvale, CA 94089
(408) 349-5070

*Effective Date: November 22, 2006*

Return to Top

Copyright © 2010 Yahoo! Inc. All Rights Reserved.

Privacy | Legal

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE
OCT 05 2010
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

FAYELYN SAMS, etc.

Plaintiff,

vs.

YAHOO! INC.,

Defendant.

CIVIL ACTION
CASE NO.: 2010CV191482

AFFIDAVIT OF SERVICE

COMES NOW, ELIZABETH SMITH, a United States citizen and over the age of 18 years, before the undersigned officer duly authorized to administer oaths, and, being sworn on oath, deposes and states as follows:

1.

I served YAHOO! INC. with the below-listed documents in this matter, in the below-described manner, at 1201 PEACHTRE ST NE, ATLANTA, GA 30361, on September 29, 2010, at 3:45 PM:

SUMMONS/COMPLAINT W/ EXHIBIT "A"

Said documents were served by handing to SHAKINAH EDWARDS, CT Corp. Process Specialist.

2.

ELIZABETH SMITH
Attorneys' Personal Services, Inc.

Sworn to and subscribed
before me this the 30th day
of September, 2010.

Notary Public

ADRIENNE LEWIS
NOTARY
EXPIRES
GEORGIA
OCT. 25, 2010
PUBLIC
DEKALB COUNTY