1  Laurence D. King (SBN 206423)
   Mario M. Choi (SBN 243409)
2  KAPLAN FOX & KILSHEIMER LLP
3  350 Sansome Street, Suite 400
   San Francisco, CA 94104
4  Telephone: 415-772-4700
   Facsimile: 415-772-4707
5  lking@kaplanfox.com
   mchoi@kaplanfox.com
6
7  Joshua A. Millican (pro hac vice)
   LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
8  The Grant Building, Suite 607
   44 Broad Street, N.W.
9  Atlanta, GA 30303
   Telephone:  404-522-1152
10 Facsimile:  404-522-1133
   joshua.millican@lawofficepc.com
11
12 Counsel for Plaintiff and the Proposed Class

13 [Additional Counsel listed on signature page]

14

15                        UNITED STATES DISTRICT COURT

16                       NORTHERN DISTRICT OF CALIFORNIA

17

18  FAYELYNN SAMS, on behalf of herself and        Case No. 3:10-CV-05897-TEH
    all others similarly situated,
19
20              Plaintiff,                          **PLAINTIFF'S RESPONSE IN
                                                    OPPOSITION TO MOTION FOR
21       v.                                         CHANGE OF VENUE/TRANSFER TO
                                                    SAN JOSE DIVISION BY
22  YAHOO! INC.,                                    DEFENDANT YAHOO! INC.**

23                                                  Date: February 28, 2011
                Defendant.                          Time: 10:00am
24                                                  Judge: Hon. Thelton Henderson

25

26

27

28

PLTF'S OPP. TO MTN. FOR CHANGE OF VENUE                                3:10-CV-05897-TEH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Venue in the San Francisco Division is proper. First, Defendant Yahoo! Inc. ("Yahoo!" or "Defendant") contractually agreed to venue in *any* Division of the Northern District of California. In fact, there exists a "choice of forum" provision in the contract binding the parties to resolve the dispute in United States District Court for the Northern District of California. This is the very contract relied upon by Defendant when it initially requested that this case be transferred from Georgia to California. Second, Defendant did not file an Answer and as such, failed to raise improper venue as a defense. Third, while Defendant filed an untimely Motion to Dismiss in lieu of an Answer, it did not object to venue or assert that venue in the San Francisco Division was improper. In fact, it was not until after Defendant filed a declination to proceed before a Magistrate Judge (which also did not include an objection to venue) and the Honorable United States Senior District Judge Thelton E. Henderson was assigned to this case, that Defendant raised this belated and meritless challenge to venue. Accordingly, Defendant's Motion should be denied.

## II. STATEMENT OF FACTS

This case was initially filed in the Superior Court of Fulton County, Georgia. Doc. 1.[1] Defendant removed it to the United States District Court for the Northern District of Georgia and moved to dismiss, in part, on the basis of improper venue. Doc. 5. Defendant argued that venue was determined by Yahoo!'s Terms of Service (hereinafter "Contract"), contending that the parties had contractually determined the appropriate venue. Doc. 5, pp. 8-11.

The relevant provision of the Contract (as quoted by Defendant in its initial Motion to Dismiss) is as follows:

> Choice of Law and Forum. You and Yahoo! each agree that the TOS and the relationship between the parties shall be governed by the laws of the State of California without regard to its conflict of law provisions and that any and all

---

[1] "Doc.__" refers to the document listed in the docket of this litigation.

claims, causes of action or disputes (regardless of theory) arising out of or relating to the TOS, or the relationship between you and Yahoo!, **shall be brought exclusively in the courts located in the county of Santa Clara, California or the U.S. District Court for the Northern District of California. You and Yahoo! agree to submit to the personal jurisdiction of the courts located within the county of Santa Clara, California or the Northern District of California, and agree to waive any and all objections to** the exercise of jurisdiction over the parties by such courts and **to venue in such courts**.

Doc. 5, pp. 8-9 (emphasis added).

Promptly thereafter, Plaintiff Fayelynn Sams ("Plaintiff") agreed with Defendant that the Northern District of California was the appropriate forum. In doing so, Plaintiff noted that dismissal was inappropriate but rather, transfer of the case to the Northern District of California was the proper remedy as set forth in Plaintiff's Motion to Transfer Venue and Consent to Defendant's Construed Motion to Transfer filed on November 26, 2010. Doc. 14. On December 10, 2010, Defendant filed a response to the motion to transfer advising the Court that it consented to the transfer of this case to the United States District Court for the Northern District of California without any further specification. Doc. 17.

The parties also agreed to a briefing schedule, which allowed Plaintiff until November 26, 2010, to file an Amended Complaint. Doc. 12. Therein, the parties agreed that if an Amended Complaint was filed, Defendant's Motion to Dismiss would be rendered moot. Plaintiff timely filed an Amended Complaint on November 26, 2010, as a matter of right. Doc. 13. The Amended Complaint was filed and served electronically pursuant to Fed. R. Civ. P. 5(b)(3). Defendant would have been required to respond to the Amended Complaint on or before December 13, 2010. Fed. R. Civ. P. 15(a) (3).

On December 2, 2010, the Georgia District Court signed the proposed order attached to Doc. 12, which established a briefing schedule extending the deadline to respond to the Amended Complaint to on or before December 15, 2010. Doc. 16. Eight days later, on December 10, 2010, the parties filed another consent scheduling motion seeking to extend Defendant's deadline again, until 14 days after the Court's ruling on the then pending Motion to

-2-

PLTF'S OPP. TO MTN. FOR CHANGE OF VENUE    3:10-CV-05897-TEH

Transfer. Doc. 18. The Georgia District Court never ruled on the December 10, 2010, consent motion to extend Defendant's deadline (Doc. 16), yet December 15, 2010, passed without Defendant filing an Answer or responsive pleading. On December 20, 2010, the Georgia District Court granted the Motion to Transfer, finding specifically that "defendant filed a Response ... to plaintiff's Motion ... advising the Court they consent to the above case being transferred to the United States District Court for the Northern District of California" and accordingly, ordered the case transferred to the Northern District of California. Doc. 19. The case was docketed in the Northern District of California on December 27, 2010, at which time it was assigned to Magistrate Judge Edward M. Chen of the San Francisco Division.

Even if one were to consider the consent motion to extend Defendant's deadline to have been granted, which it was not, Defendant's Answer or responsive pleading would therefore have been due --- at the latest --- on January 3, 2011, which is fourteen (14) days after the Court ruled on the Motion to Transfer as agreed upon by the parties. Fed. R. Civ. P. 15(a) (3). Defendant did not and still has not filed an Answer, although it filed a Motion to Dismiss on January 10, 2011, after the case was transferred to the Northern District of California, San Francisco Division. Doc. 22. Therein, Defendant purposely did not raise any claim that venue was improper, deleting that argument in filing what was otherwise essentially the same as the Motion to Dismiss filed in Georgia. In the Motion filed in Georgia Defendant argued that the case should be transferred to the Northern District of California and in support thereof argued, "Plaintiff is not deprived of her day in court or of a remedy because of any inconvenience or unfairness by litigating in California, and it is not unduly burdensome for her to bring these purported nationwide class claims in California as she agreed." *Compare* Doc. 5, pp. 8-11 *with* Doc. 22. In the Motion filed in this Court, as noted above, no objection to venue was included.

That very same day, Defendant filed a Declination to Proceed before a Magistrate Judge and Request for Reassignment to a United States District Judge. Doc. 23. Therein, Defendant again did not raise any claim that venue was improper in the San Francisco Division.

On January 12, 2011, the parties were notified that this case was being reassigned to the Honorable United States Senior District Judge Thelton E. Henderson. Doc. 25. On January 13, 2011, Defendant filed the instant Motion where, for the first time, it belatedly objected that the San Francisco Division was not the correct venue. Doc. 27. Defendant then filed its Amended Motion to Dismiss on January 13, 2011, which also failed to raise any claim that venue was improper in the San Francisco Division. Doc. 28.

## III.  ARGUMENT

The venue in which an action may be brought may be established by contract. Similarly, objections to venue may be waived, either by contract, or by failing to raise improper venue in the initial response to a Complaint. In the instant matter, Defendant has both agreed contractually to venue in this Division and waived any objection to such venue. It was not until after the case was re-assigned from San Francisco Division Magistrate Judge Chen to Senior District Judge Thelton E. Henderson, however, that Defendant first decided to request this case be transferred.

### A. VENUE IS PROPER IN THE SAN FRANCISCO DIVISION BECAUSE DEFENDANT AGREED TO VENUE IN ANY COURT IN THE NORTHERN DISTRICT OF CALIFORNIA

As noted by Defendant in the Motion it filed in the Northern District of Georgia:

"Yahoo!'s TOS contains a mandatory forum selection clause that covers all claims arising out of Yahoo!'s relationship with its users.[3]"

> [3] Forum selection clauses are equally applicable to contract and other causes of action where interpretation of the contract is integral to resolution of the other causes of action. See *Bancomer, S.A. v. Super. Ct.*, 52 Cal. Rptr. 2d 435, 442-43 (Cal. Ct. App. 1996); *Manetti-Farrow, Inc. v. GucciAm., Inc.*, 858 F.2d 509 (9th Cir. 1988).

Doc. 5, p. 8 n.3. This forum selection clause sets venue "in the courts located in the county of Santa Clara, California **or** the Northern District of California." In the very same contract provision it sought to enforce to get the case to this Court, Defendant agreed to waive any and all objections to venue so long as this case was located in a court in Santa Clara County, California

or the Northern District of California. In pursuit of its unsupported efforts to get this case transferred, Defendant attempts to rewrite its own forum selection clause, belatedly attempting to change the agreed upon venue.

Again, quoting Defendant:

> The forum selection clause should not be ignored. . . . Forum-selection clauses are presumptively valid and enforceable unless enforcement would be unfair or unreasonable under the circumstances. *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279 (11th Cir. 2009); *MIS Bremen v. Zapata Off-shore Co.*, 407 U.S. 1 (1972).

Doc. 5, pp. 9-10. Defendant has not offered any reason why the forum selection clause that it wrote and upon which it relied could be considered "unfair or unreasonable." Moreover, Defendant would be barred by principles of judicial estoppel from making such an argument now. *United States v. Liquidators of European Fed. Credit Bank,* Nos. 09-10116, 2011 U.S. App. LEXIS 69, at *22 (9th Cir. 2011)(citing *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008)); *E.I. du Pont de Nemours & Co. v. Andraea Partners*, 197 F.R.D. 424 (D. Haw. 2000).

This Court is "located in the . . . Northern District of California" as set forth in the forum selection clause, which is presumptively valid and enforceable. Defendant agreed to waive any objection to venue in this Court and, thus, venue is proper in the San Francisco Division.

### B. DEFENDANT ALSO WAIVED ANY OBJECTION TO VENUE IN THE SAN FRANCISCO DIVISION BY INACTION

Defendant has also waived any objection to venue by failing to raise the defense at the first opportunity after the case was transferred, docketed and assigned to San Francisco Division Magistrate Judge Edward M. Chen on December 27, 2010. First, it did not timely file either an Answer or a Motion to Dismiss which, under the most charitable reading of the course of proceedings in this case, was due on January 3, 2011. Second, when it did file its belated Motion to Dismiss on January 10, 2011, and its Amended Motion to Dismiss on January 13, 2011, it failed to raise any objection to venue in the San Francisco Division.

-5-

PLTF'S OPP. TO MTN. FOR CHANGE OF VENUE  3:10-CV-05897-TEH

Rule 12 states that the defense of improper venue is waived if not timely raised in an answer or responsive pleading. *See* Fed. R. Civ. P. 12(h)(1). Moreover, 28 U.S.C. § 1406 makes it clear that the contention that venue is in a different District or Division may be waived, stating: "(b) Nothing in this chapter [28 USCS §§ 1391 *et seq*.] shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

The Ninth Circuit strictly adheres to this waiver, observing that "[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under [Rule 12] must be raised at the first available opportunity or, if they are not, they are forever waived." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000):

> Rule 12(h) provides that a "defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading...." *Id.* Rule 12(g) states that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted...." *Id.*
>
> ...
>
> The essence of Rule 12 - embodied in the combined language of 12(g) and 12(h) - is that a party "who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service] he then has and thus allow the court to do a reasonably complete job." Fed. R. Civ. P. 12 advisory committee's note, 1966 Amendment, subdivision (h). Thus, if Hayhurst raised *any* Rule 12 defenses in his first filing to the court, he was obliged to raise *all* of those specified in Rule 12(h).

*Id.* at 1106-1107 (citations omitted). Defendant waived any objection to venue in the San Francisco Division by virtue of its failure to timely raise it in an answer or responsive pleading, and Defendant's untimely Motion for Change of Venue should be denied.

C. UNDER THE FACTS OF THIS CASE, CIVIL L.R. 3-2 IS NOT CONTROLLING IN THIS MATTER

An objection that the venue of an action is laid in the wrong District or Division is a

-6-

defense which can be availed of only if timely objection is made. 28 U.S.C. §1404; Fed. R. Civ. P. 12(h). Venue involves a personal privilege which may be lost by the defendant as a result of its failure to assert it timely in its answer or responsive pleading. Fed. R. Civ. P. 12(b)(3).

Rule 83 authorizes a District Court to adopt and amend rules governing its practice; however, a local rule must be consistent with federal statutes and rules adopted under 28 U.S.C. §§2072 and 2075. *See* Fed. R. Civ. P. 83(a)(1). Under the facts of this case, Defendant's attempt to utilize Civil L.R. 3-2 for the proposition that this matter should be transferred to the San Jose Division is wholly **inconsistent** with Fed. R. Civ. P. 12(h) (1) and 28 U.S.C. §1406, which as set forth *supra*, provide that the defense of improper venue or contention that venue is in a different District or Division may be waived if not timely raised in an answer or other responsive pleading. It is undisputed that Defendant failed to file an answer or timely file a motion to dismiss. Moreover, neither the untimely Motion to Dismiss filed by Defendant on January 10, 2011, nor the untimely Amended Motion to Dismiss filed on January 13, 2011, raised any defense or contention that the San Francisco Division was not the proper venue.

Even if Defendant's venue argument was proper, which Plaintiff does not concede because of the forum selection clause discussed above, it was untimely pursuant to Fed. R. Civ. P. 12(b) and (h). Under the facts of this case Civil L.R. 3-2 is inconsistent in these circumstances with Rule 12(b) and (h), and as such, it should not be applied. Accordingly, this case should properly remain in the San Francisco Division.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests this Court to DENY Defendant's Motion for Change of Venue/Transfer to the San Jose Division.

DATED: February 7, 2011

BY: /s/ Laurence D. King

-7-
PLTF'S OPP. TO MTN. FOR CHANGE OF VENUE     3:10-CV-05897-TEH

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

Joshua A. Millican (pro hac vice)
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
607 The Grant Building
44 Broad Street, N.W.
Atlanta, GA 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133
joshua.millican@lawofficpc.com

Matthew C. Billips
BILLIPS & BENJAMIN LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, GA 30339
Telephone: 770-859-0751
Facsimile: 770-859-0752
billips@bandblawyers.com

Lisa T. Millican (pro hac vice)
GREENFIELD MILLICAN P.C.
607 The Grant Building
44 Broad Street, N.W.
Atlanta, GA 30303
Telephone: (404) 522-1122
Facsimile: (404) 522-1133
lisa.millican@lawofficepc.com

Anthony J. Morgese
MORGESE LAW FIRM
3233 S. Cherokee Lane, Building 1000
Woodstock, GA 30188
Telephone: 770-517-6711
Facsimile: 770-517-6715
lawpair@aol.com

# PROOF OF SERVICE

I, Kristen Weiland, declare that I am over the age of eighteen (18) and not a party to the within action. I am employed in the law firm of Kaplan Fox & Kilsheimer LLP, 350 Sansome Street, Suite 400, San Francisco, California 94111.

On February 7, 2011, I used the Northern District of California's Electronic Case Filing System, with the ECF registered to Laurence D. King to file the following document(s):

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR CHANGE OF VENUE/TRANSFER TO SAN JOSE DIVISION BY DEFENDANT YAHOO! INC.**

The ECF system is designed to send an e-mail message to all parties in the case, which constitutes service. The parties served by e-mail in this case are found on the Court's Electronic Mail Notice List which is also listed below.

- **Matthew C. Billips**
  billips@bandblawyers.com
- **Mario Man-Lung Choi**
  mchoi@kaplanfox.com,kweiland@kaplanfox.com
- **Jeanine Gibbs Garvie**
  jgarvie@mckennalong.com
- **Christian Genetski , Esq**
  christian@zwillgen.com
- **Jennifer Stisa Granick**
  JENNIFER@zwillgen.com,marcia@eff.org
- **Laurence D. King**
  lking@kaplanfox.com,kweiland@kaplanfox.com
- **Joshua A. Millican**
  joshua.millican@lawofficepc.com
- **Lisa T. Millican**
  lisa.millican@lawofficePC.com
- **Anthony Joseph Morgese**
  lawpair@aol.com
- **National District Attorneys Association**
  mtesterman@cdaa.org
- **Michael Duane Testerman**
  mtesterman@cdaa.org
- **Candice Voticky Wilson**
  cvwilson@mckennalong.com

- **Marc J. Zwillinger**
  marc@zwillgen.com

On this date, I served the below parties:

Yahoo! Inc.
701 First Avenue
Sunnyvale, CA 94089

XXX (U.S. MAIL) I placed the sealed envelope(s) for collection and mailing by following ordinary business practices of Kaplan Fox Kilsheimer LLP. I am readily familiar with Kaplan Fox Kilsheimer LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed February 7, 2011 at San Francisco, California.

*Kristen Weiland*

-10-

PLTF'S OPP. TO MTN. FOR CHANGE OF VENUE      3:10-CV-05897-TEH